UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GO FIGURE, INC., | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-2930 |
| | § | |
| CURVES INTERNATIONAL, INC., | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION & ORDER

### I.   INTRODUCTION

Pending before the Court is the declaratory defendant, Curves International, Inc.'s ("Curves") motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a) (Docket Entry No. 5). The declaratory plaintiff, Go Figure, Inc. ("Go Figure") submitted a response to this motion (Docket Entry No. 7) and Curves filed a reply in support of its motion (Docket Entry No. 11). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby denies Curves' motion.

### II.   FACTUAL OVERVIEW

Curves is the franchisor for a fitness and weight loss franchise. Go Figure is a software company that developed a computer program to run fitness clubs (the "software"). Until May, 2009, Curves promoted Go Figure as the exclusive provider of club management software for its gyms. This arrangement was agreed to in Waco, Texas and memorialized in a written contract (the "initial contract"). After the May, 2009 termination of the initial contract, Go Figure continued to sell the software to Curves' franchisees.

The software utilizes bar-coded key-tags ("key-tags") that members scan in order to log their entry into a fitness club. The key-tags prepared for use at Curves gyms are emblazoned with Curves' logo. After termination of the initial contract, Curves accused Go Figure of trademark infringement with regard to Go Figure's continued use of the Curves' logo on these key-tags. Among other things, Curves' asserts that Go Figure does not presently maintain any residual intellectual property rights that might have been granted under the initial contract. Go Figure filed this action on September 9, 2009 seeking a declaration that "it has the right to sell key tags bearing the trademark and logos of Curves as necessary in the marketing and sale of the . . . software to Curves franchisees" and "that its sale of key tags bearing the trademarks and logos of Curves . . . does not violates Curves' rights under the Lanham Act."

### III. CONTENTIONS

#### A. The Defendant's Contentions

Initially, Curves asserts that this Court lacks subject matter jurisdiction over this case. Specifically, it argues that Go Figure's request for declaratory relief presents nothing more than a state law breach of contract claim (associated with the initial contract) that does not involve a federal question. Moreover, Curves proffers that venue is improper in Southern District of Texas because no relevant events or omissions giving rise to the present case occurred therein. Lastly, even if venue is proper in the Southern District of Texas, Curves states that this case should be transferred to the Western District of Texas for the convenience of the parties. In support of this contention, it cites an ease of access to evidence, the cost of attendance for witnesses and other practical and public interest considerations.

### B. The Plaintiff's Contentions

Go Figure argues that this Court has subject matter jurisdiction over this case because a federal question is present, namely a controversy regarding the use of Curves' trademark. Further, it asserts that venue is proper because a substantial part of the events leading to the alleged trademark infringement occurred in the Southern District of Texas. Lastly, Go Figure maintains that Curves' request for a transfer of venue is improper because: (1) Go Figure's choice of venue is entitled to great deference; (2) Curves has not shown good cause to change venue; and (3) Curves has presented insufficient evidence regarding inconvenience to witnesses, ease of access to evidence and docket congestion.

## IV. STANDARDS OF REVIEW

### A. Standard Under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court "before any other challenge because the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted). Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *See*, *e.g.*, *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Therefore, the party seeking to invoke the jurisdiction of a federal court carries the burden of proving its existence. *Stockman*, 138 F.3d at 151; *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In reviewing a motion to dismiss for lack of subject matter jurisdiction, a district "court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the

power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) (citing *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947)). It may base its disposition of such a motion on any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Montez*, 392 F.3d at 149 (citing *Robinson v. TCI/US W. Commc'ns, Inc.*, 117 F.3d 900, 904 (5th Cir. 1997)). In this regard, "no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case." *Montez*, 392 F.3d at 149. Nevertheless, the burden of proof that jurisdiction does exist remains with the plaintiff. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attach before addressing any attack on the merits. *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.*

    **B.**  **Legal Standard Under Federal Rule of Civil Procedure 12(b)(3)**

"Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss an action on the basis of improper venue." *Laserdynamics Inc. v. Acer Am. Corp.*, 209 F.R.D. 388, 390 (S.D. Tex. 2002); *De Joseph v. Odfjell Tankers (USA), Inc.*, 196 F. Supp. 2d 476, 479 (S.D. Tex. 2002). The majority of the courts conform to the standard that once a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff. *McCaskey v. Cont'l Airlines Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000). In the absence of an

evidentiary hearing on the matter, courts will allow a plaintiff to carry this burden by establishing facts, taken as true, that establish venue. *McCaskey*, 133 F. Supp. 2d at 523; *Bigham*, 123 F. Supp. 2d at 1048; *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The Court will accept uncontroverted facts contained in the plaintiff's pleadings as true, and resolve any conflicts in the parties' documents and affidavits in the plaintiff's favor. *McCaskey*, 133 F. Supp. 2d at 523. While a defendant need not affirmatively disprove all bases for a plaintiff's choice of venue, courts will provide the plaintiff the benefit of the doubt in ascertaining the controlling facts. *Id*.

## V. ANALYSIS AND DISCUSSION

### A. Subject Matter Jurisdiction

"[O]nly Congress is empowered to grant and extend the subject matter jurisdiction of the federal judiciary, and . . . courts are not to infer a grant of jurisdiction absent a clear legislative mandate." *Coleman v. Champion Intern. Corp./Champion Forest Prods.*, 992 F.2d 530, 534 (5th Cir. 1993) (quoting *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 892 (2d Cir. 1983)). With regard to subject mater jurisdiction and declaratory judgments, United States District Judge Jane J. Boyle (N.D. Tex.) has recently stated that:

> The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such a declaration . . . ." 28 U.S.C. § 2201(a). However, "'[t]he operation of the Declaratory Judgment Act is procedural only.' Congress enlarged the range of remedies available in the federal courts, but did not extend their jurisdiction." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 15, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)) (internal citations omitted). Consequently, to award relief under the Declaratory Judgment Act, courts must have an independent basis for jurisdiction. *TTEA v. Ysleta Del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir. 1999). "To establish an independent basis for jurisdiction, however, the plaintiff need not show that it would state a claim absent the declaratory judgment statute. Rather, it may show that there would be jurisdiction over a claim against it." *Id*.; see also *Franchise Tax Bd. of Cal.*, 463 U.S. at 19 ("Federal courts have regularly taken original jurisdiction over declaratory judgment suit in

>which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.").

*TNA Entm't, LLC v. Ashenoff*, No. 3:08-CV-0522-B, 2009 WL 748236, at *2 (N.D. Tex. March 20, 2009). Accordingly, in order to establish that federal jurisdiction over the present case is appropriate, Go Figure must show that this Court would have jurisdiction over Curves' trademark claim against Go Figure. The Court finds that it would.

Curves argues that the present "claim for declaratory judgment concerning [Go Figure's] rights under the [initial contract] does not turn on the construction of federal law. Instead, plaintiff's rights are governed exclusively by the [initial contract,] and any declaratory judgment issued by this Court will only involve a determination of the parties' rights under the [initial contract.]" In contrast, Go Figure asserts that, were Curves to bring suit against it in the near future, the case would sound in trademark infringement (a federal question), rather than contract law (a state issue). As described below, the Court agrees with Go Figure.

Both parties note that the initial contract has been terminated. Moreover, Go Figure concedes that "the use of [Curves'] trademark and logos was never permitted under the [initial] contract." As such, neither party asserts a breach of contract with regard to Go Figure's actions after termination of the initial contract; any subsequent malfeasance would be couched in terms of trademark infringement. Accordingly, since any lawsuit against Go Figure would comprise trademark infringement, it has established "that there would be [federal] jurisdiction over a claim against it." Accordingly, the Court maintains subject matter jurisdiction over the case at bar, and Curves' Rule 12(b)(1) motion is denied.

### B. Venue

Curves asserts that venue is improper in the Southern District of Texas. To this end, it states (with citations omitted) that:

> Plaintiff seeks a declaration that "it has the right to sell key tags bearing the trademarks and logos of Curves as necessary in the marketing and sale of the Go Figure software to Curves franchisees (or) . . . that its sale of key tags bearing the trademarks and logos of Curves . . . does not violate Curves' rights under the Lanham Act." The sole determination under either of these questions is whether Plaintiff retains any right to continue to use Curves' trademarks and logos under the Agreement as a matter of state contract law. As result, the only events, acts or omissions that are potentially relevant to Plaintiff's claim are the negotiation and execution of the agreement itself and, whether Curves gave Plaintiff permission to use their logo per the terms of the Agreement . . . . As the declaration of Roger Schmidt makes clear, all events relevant to the Agreement occurred in Waco, Texas.

The Court disagrees. As discussed in the previous subsection, the pertinent issue in the present litigation is whether Go Figure's actions constitute trademark infringement, not whether they maintain any pertinent residual rights under the initial contract (which they concede that they do not). Therefore, the venue query is a function of the acts associated with the alleged trademark infringement, as opposed to the formation and construction of the initial contract.

With regard to federal declaratory judgment suits pertaining to the infringement of a trademark, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. 1391(b); *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005); *Flotsam of Ca., Inc. v. Huntington Beach Conference and Visitors Bureau*, No. C 06-07028, 2007 WL 274836, at *1 (N.D. Cal. Jan. 31, 2007); *see also U.S. Aluminum Corp. v. Kawneer Co.,* 694 F.2d 193, 195 (9th Cir. 1982). As pointed out and evidenced by Go Figure, the allegedly infringing items are sold from within the Southern District of Texas and a portion of the sales are shipped to locations therein. Accordingly, Go Figure has satisfied the standard for proper venue in the present action, and Curves' Rule 12(b)(3) motion must be denied.

### C. Venue Transfer under § 1404(a)

Curves asserts that, even if venue is proper in the Southern District of Texas, this case should be transferred to the Western District of Texas, Waco Division. To this end, it argues that a "balance of the public and private interest factors heavily weighs in favor of transferring the case to the . . . Waco Division, because the vast majority of relevant witnesses and proof in this case is located in Waco." In contrast, Go Figure maintains that "Curves [has] failed to meet its burden of showing that the balance of convenience and justice weigh heavily in favor of transfer," and further, "the balance of public and private interests favor venue in the Southern District of Texas." On this issue, United States District Judge Keith P. Ellison has recently stated:

> Under 28 U.S.C. Section 1404(a), a correctly filed case may be transferred to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice." Defendant, as the movant under Section 1404(a), bears the burden of establishing the propriety of the transfer. *In re: Volkswagon of America, Inc.*, 545 F.3d 304, 314 (5th Cir.2008) (en banc). The movant must "show good cause." *Id*. (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963)). Good cause means that "a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. at 315 (distinguishing the heavier burden under the forum non conveniens standard where the movant must show that the factors "substantially outweigh" the plaintiff's choice of venue.)
>
> A plaintiff's initial choice of forum is entitled to deference, and the degree of deference is higher when he has chosen his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Conversely, when a plaintiff is not a resident of the chosen forum, or when the operative acts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice. *See In re Horseshoe Entm't.*, 337 F.3d 429, 434-35 (5th Cir. 2003); *Apparel Production Services Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 828 (S.D. Tex. 1993).

> A court must then consider whether the relevant public and private factors counsel in favor of a transfer. The Supreme Court set forth private and public factors to be weighed in a forum non conveniens determination in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and reaffirmed them in *Piper*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The Fifth Circuit then adopted the forum non conveniens factors for the Section 1404(a) context. *Humble Oil*, 321 F.2d at 56; *In re Volkswagen*, 545 F.3d at 314 n. 9. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive." *In re Volkswagon*, 545 F.3d at 314 (citing *Piper Aircraft*, 454 U.S. at 241 n.6). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. Even a valid forum selection clause is not dispositive and does not compel transfer if the factors listed in 1404(a) militate against transfer. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

*Better Bags, Inc. v. Redi Bag USA LLC*, No. 4:09-cv-03093, 2010 WL 730331, at 4–5 (S.D. Tex. March 2, 2010).

With regard to the first private interest factor—the relative ease of access to sources of proof—Curves states that "all sources of proof (e.g., Curves' employees and documents) are located in Waco." However, this statement incorrectly presupposes that this case is based upon formation of the initial contract (in Waco), as opposed to Go Figures' alleged trademark infringement, which occurred, in no insignificant part, in Houston. Thus, the Court is unpersuaded by this argument.

On this issue of the cost of attendance for willing witnesses, Curves asserts that "the material witnesses [in this case] are persons with knowledge of the contract negotiations and execution, and whether Curves gave Plaintiff permission to use the Curves' logo under the Agreement, all of which occurred in Waco and its surrounding areas." This argument fails for

the same reason as Curves' position regarding access to proof. Accordingly, the Court is not persuaded.

Lastly, in addressing the public interest factors, Curves asserts that the Western District of Texas maintains a "relatively lighter caseload" than this district. In support of this contention, it cites to the gross number of cases filed in the Western District versus the Southern District. However, Curves does not evidence any negative effects of these disproportionate filings, such as judicial delay or disproportionate filings *per judge*. Also with regard to public interest factors, Curves maintains that "because this action arises from Plaintiffs contractual and business relationship with Curves, the citizens of the Waco Division have an interest in resolving a dispute involving a business close to their community." This argument fails for the same reason as Curves' position regarding access to proof. Accordingly, the Court is not persuaded.

Even assuming, *arguendo*, the correctness of Curves' last point (that there would be no delay because of a transfer), Curves has not met its burden to establish the propriety of its requested transfer. Accordingly, Curves' motion to transfer venue under § 1404(a) is denied.

## VI. CONCLUSION

Based on the foregoing discussion, the Court hereby DENIES Curves' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a).

It is so **ORDERED.**

SIGNED at Houston, Texas this 8th day of April, 2010.

_____
Kenneth M. Hoyt
United States District Judge